IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAVINO BRAXTON, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-20-94 |
| DAVID SIMON, | * | |
| EDWARD BURNS, | | |
| HOME BOX FOFFICE, INC., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Self-represented Plaintiff Savino Braxton, an inmate currently confined at the Federal Correctional Institution-Danbury, Connecticut filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Braxton alleges that Defendants David Simon, Edward Burns, and Home Box Office, Inc., appropriated his name and reputation in creating and producing the television show "The Wire." *Id.* Braxton filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which shall be granted. For the reasons stated herein the complaint must be dismissed. Plaintiff's Motions for Summary Judgment (ECF No. 3) and for Permission to Leave Pleadings with Clerk of Court (ECF No. 4) are denied as moot.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards

than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff's claims against these private individuals and corporation may not proceed. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). None of the named Defendants or the actions allegedly taken by them were taken under color of law.

In limited circumstances, however, seemingly private conduct can be the subject of a § 1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: '(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.'" *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (quoting *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993)). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews*, 998 F.2d at 217. None of the conduct alleged by Braxton falls with any of the foregoing circumstances. Thus, Braxton's complaint must be dismissed for failure to state a claim upon which relief may be granted.

To the extent plaintiff intends to bring an action for state law claims: invasion of privacy, unjust enrichment, and intentional infliction of emotional distress, those claims also fail. The

federal court does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It may, however, have authority to review such claims based on the court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Braxton does not provide addresses for Defendants Simon and Burns and as such, the question of whether Braxton has established that this Court has diversity jurisdiction over his claims is unclear. Assuming without deciding that Braxton can demonstrate complete diversity and that venue is appropriate in this Court, his claims are nevertheless subject to dismissal as they are time barred.

Braxton alleges that in the late 1990s and early to mid-2000s, Defendants wrote and aired the television series "The Wire." ECF No. 1-4, p. 2. During this time, Braxton was incarcerated in the federal Bureau of Prisons. *Id*., p. 2. He was released from federal custody in 2007 but was returned to custody in 2012, where he has since remained. *Id*. Braxton states that it was not until 2012 that he learned that his "name or name alike were used, in part, to inspire The Wire and support its story scripts or lines for unjust enrichments and commercial purposes without [his] consent." *Id*.

In Maryland, the applicable statute of limitations for Braxton's complaints is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Pro. Code § 5-101 (2014). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994), quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 653 (1985). The question of when a cause of action has accrued under § 1983 is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* Taking as true Braxton's allegation that he first learned of the harm done to him in 2012, the claims asserted are still untimely. Assuming the statute of limitations began to run in 2012 when Braxton first learned of "The Wire" rather than in the early 2000s when "The Wire" was first broadcast, the three-year limitations period expired in 2015. Braxton did not file this case until January 2, 2020, five years after any applicable statute of limitations expired.

A separate order dismissing the complaint follows.

Dated this 14th day of July, 2020.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge